IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Chris Robert Klein, | ) | Civil Action No.: 8:16-cv-00445-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff brought this action alleging damages due to unauthorized collection actions by an Internal Revenue Service agent. On July 22, 2016, Defendant filed a motion to dismiss. [Doc. 26.] By Order of this Court on July 25, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 27.] Despite this explanation, Plaintiff failed to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed an Order on August 31, 2016, giving Plaintiff through September 20, 2016, to respond to the motion to dismiss. [Doc. 29.] Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. [*Id.*] However, Plaintiff has failed to respond to the motion.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to

dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is proceeding pro se, he is personally responsible for his failure to file a response. Plaintiff has had two months to respond to the motion to dismiss. Plaintiff's

initial response was due by August 29, 2016 and, despite being advised of the possible consequences if he failed to adequately respond, Plaintiff elected not to respond. The Court filed a second Order, reminding Plaintiff a response was due and giving him additional time—until September 20, 2016—to respond. The Court has warned Plaintiff the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file a response. Despite this explanation, Plaintiff has elected not to respond. Because Plaintiff has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin  
United States Magistrate Judge

September 23, 2016  
Greenville, South Carolina